705 F.2d 27
 113 L.R.R.M. (BNA) 2254, 4 Employee Benefits Ca 1393
 PARK SOUTH HOTEL CORP., Petitioner-Appellee,
v.
NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION OF NEW
YORK CITY, INC. PENSION FUND and Pension Benefit
Guaranty Corporation, Respondents,
New York Hotel Trades Council and Hotel Association of New
York City, Inc. Pension Fund, Respondent-Appellant.
 No. 915, Docket 82-7827.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 28, 1983.
Decided April 5, 1983.
 
 Michael Lesch, New York City (Christopher J. Sues, Adam B. Gilbert, Shea & Gould, New York City, on brief) for respondent-appellant.
 Michael F. O'Toole, New York City (Matthew Silverman, Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, on brief) for petitioner-appellee.
 Before FEINBERG, Chief Judge, and CARDAMONE and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals the grant of an order by the United States District Court for the Southern District of New York, John E. Sprizzo, Judge, staying arbitration before the permanent arbitrator named in a collective bargaining agreement. By an order issued concurrently the district court dismissed the petition on the ground that the court had disposed of the matters raised therein. We reverse and vacate the order of dismissal and remand to the district court.[1]
 
 I.
 
 2
 Park South Hotel Corp. (Park South Corp.), a New York Corporation, appears to have been a former partner of Park South Associates which apparently owned and still owns the Barbizon Plaza Hotel. It is asserted that in August, 1981, Park South Corp. sold its interests in Park South Associates to a new general partner.
 
 
 3
 Purportedly, Park South Associates was and may still be obligated to contribute to appellant New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund (the Fund), a multiemployer pension plan, pursuant to a collective bargaining agreement entered into between the New York Hotel Trades Council (the Union) and the Hotel Association of New York City, Inc. (Hotel Association).[2]
 
 
 4
 This matter found its way to federal court under the following circumstances. Between the execution of the aforesaid collective bargaining agreement in 1978 and again in 1981, Congress in 1980 enacted the Multiemployer Pension Plan Amendments Act, ERISA Section 4201 et seq., 29 U.S.C. Secs. 1381-1453 (Supp. IV 1980) (MPPAA or the Act), an amendment to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001-1144 (1976). The Act imposes withdrawal liability obligations upon an employer who completely or partially withdraws from a multiemployer pension plan. ERISA Section 4201, 29 U.S.C. Sec. 1381.
 
 
 5
 The Act provides that if an employer withdraws from such a plan, the plan must demand withdrawal liability in writing pursuant to a payment formula; it also provides that a plan may charge interest at the prime interest rate on overdue payments of withdrawal liability. ERISA Section 4219(c)(6), 29 U.S.C. Sec. 1399(c)(6). If an employer fails to make an installment of withdrawal liability after receiving a 60 day delinquency notice, the plan may declare the employer in default, accelerate the remaining payments, and assess interest on the entire accelerated amount from the due date of the first payment not timely made. ERISA Sec. 4219(c)(5), 29 U.S.C. Sec. 1399(c)(5).
 
 
 6
 After Park South Corp. sold its interest in the Barbizon Plaza Hotel, the Fund, by letter dated December 1, 1981, sent Park South Corp. a demand for withdrawal liability in the amount of $1,016,900, payable in quarterly installments of $32,951.50.[3] By letter dated February 5, 1982, Park South Corp.'s attorney notified the Fund that it disputed the demand for withdrawal liability and asserted that the sale of its partnership interests was not an event which triggered such liability under the MPPAA.
 
 
 7
 On or about April 2, 1982, July 2, 1982, October 2, 1982 and January 3, 1983, Park South Corp. made quarterly payments of the claimed withdrawal liability to the Fund, under protest, and reserved the right to dispute the application of MPPAA to Park South Corp.
 
 
 8
 On or about July 29, 1982, Park South Corp. demanded arbitration under the Act pursuant to 29 U.S.C. Sec. 1401(a)(1) which provides:
 
 
 9
 Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination [of withdrawal liability] made under sections 1381 through 1399 of this title shall be resolved through arbitration.
 
 
 10
 Park South Corp. demanded arbitration under the rules of the American Arbitration Association. The Fund refused to arbitrate under those rules and wrote on August 17, 1982, to the permanent arbitrator under the collective bargaining agreement between the Union and the Hotel Association and submitted Park South Corp.'s demand for arbitration to him. Thereafter, on September 7, 1982, Park South Corp. brought an action in the United States District Court for the Southern District of New York seeking: a) an order staying arbitration of the withdrawal arbitration dispute before the permanent arbitrator under the aforesaid collective bargaining agreement, and b) an order declaring that Park South Corp. "need not make current installment payments of withdrawal liability so long as the Fund refuses to arbitrate under procedures approved by the [Pension Benefit Guaranty Corporation] PBGC, and that withdrawal liability may not be accelerated by reason of such nonpayment."
 
 
 11
 On September 24, 1982, Judge Sprizzo held a pre-motion conference at 6:00 p.m. concerning the relief sought in the petition. After lengthy discussion, the informal conference was converted to a formal proceeding and a court reporter was summoned to record the proceedings. Following lengthy argument by both parties, Judge Sprizzo made an oral ruling granting the application of Park South Corp. for an order staying arbitration before the permanent arbitrator designated by the collective bargaining agreement; he denied the declaratory relief sought by Park South Corp. as to withdrawal liability, albeit not on the merits, and also petitioner's request for attorney's fees, costs and disbursements. These rulings were embodied in a judgment dated October 12, 1982. By a concurrent order issued on the same date, the district judge dismissed the petition in its entirety.
 
 
 12
 Appellant, the Fund, protests that only seventeen days after this proceeding was commenced, following a mere pre-motion conference, the district judge granted a permanent injunction to petitioner without affording respondent either adequate notice or a full and fair opportunity to oppose the petition.
 
 
 13
 During the pre-motion conference and argument on the motion, the district judge invited the filing of an action for a declaratory judgment to present the various issues involving interpretation of withdrawal liability and arbitration-related questions.
 
 
 14
 On November 15, 1982, Park South Corp. commenced a new action in the United States District Court for the Southern District of New York seeking a declaratory judgment that the withdrawal liability provisions of MPPAA do not apply to Park South Corp.; for an order requiring restitution by the Fund of three installments of withdrawal liability payments; and for an order enjoining the Fund from taking any further action to apply the provisions of MPPAA to Park South Corp.
 
 II.
 
 15
 At the outset, we note that the order staying arbitration by the parties before the permanent arbitrator under the collective bargaining agreement is a final order since the district court, noting that it had disposed of the matters raised by the petition herein, concluded the proceeding by dismissing the petition by order dated October 12, 1982. The disposition by the district court has the earmarks of a final determination and is thus appealable. 28 U.S.C. Sec. 1291 (1976).
 
 III.
 
 16
 The threshold issue presented by the Fund is whether it has been denied its day in court, i.e., denied due process by the summary manner in which the district court conducted the proceedings which culminated that same evening in a final disposition of at least one principal issue raised in the petition.
 
 
 17
 Finding itself summoned to court for a 6:00 p.m. informal pre-motion conference seventeen days after Park South Corp. filed its petition, the attorneys for the Fund appeared, only to find the conference converted midway into argument, on the record, of the merits relating to the relief sought by petitioners. This, in turn, led to an oral ruling from the bench granting the stay of arbitration requested by Park South Corp. followed by dismissal of the petition on the ground that no further issues remained to be resolved. It is evident from the transcript of the proceedings that the Fund's attorney sought in vain to have an opportunity to oppose Park South Corp.'s application.
 
 
 18
 The unripeness of the issues determined herein and the consequences of the piecemeal action taken are evident. The district court perceived that numerous issues remained to be addressed and invited the filing of an action for a declaratory judgment with respect to questions raised as to the applicability of MPPAA--which would necessarily implicate issues relating to arbitration--and would in all likelihood subsume the issues raised herein. Such an action was commenced on November 15, 1982.[4]
 
 
 19
 The objection by the Fund that it was denied its day in court is supported by the record. While we take no position with respect to the outcome of the various issues presented herein, we agree that appellant should have the opportunity it sought to offer relevant evidence and expand the record, to cross-move or to submit an answer, and to submit a brief and documents in opposition to the relief sought by petitioner. See Herzog & Strauss v. GRT Corp., 553 F.2d 789, 791-92 (2d Cir.1977) (reversing district court's grant of summary judgment immediately following hearing on appellant's motion for preliminary injunction); Capital City Gas Co. v. Phillips Petroleum Co., 373 F.2d 128, 131 (2d Cir.1967) (reversing district court's grant of permanent relief upon a hearing noticed for temporary injunction only, noting that "no warning was given to the parties that a permanent disposition of the case was likely.") No such opportunity was afforded to appellant and consequently the action of the district judge granting the stay of arbitration is reversed, the judgment is vacated and the matter is remanded to the district court for such action as is consistent herewith.
 
 
 
 [1]
 We note that a new action involving related issues has been commenced in the same court (S.D.N.Y. Docket No. 82 Civ. 7554) and has been assigned to the same judge. Appellee may, of course, apply to the district court de novo for injunctive relief herein with respect to the issue of whether or not it is required to submit to arbitration before the permanent arbitrator named in the collective bargaining agreement
 
 
 [2]
 Since the record and findings herein are scant, we hesitate to state the facts assertively
 
 
 [3]
 This amount was thereafter slightly reduced based on appellant's annual actuarial report
 
 
 [4]
 See footnote 1, supra