22-1921-cv
*Kowalchuck v. Metropolitan Transportation Authority*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

―――――――――――――――

August Term 2023

(Argued: September 20, 2023    Decided: February 27, 2024)

Docket No. 22-1921-cv

―――――――――――――――

JOHN KOWALCHUCK,

*Plaintiff-Appellant*,

*- against -*

METROPOLITAN TRANSPORTATION AUTHORITY,

*Defendant-Appellee.*

―――――――――――――――

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

―――――――――――――――

Before:

WALKER, CHIN, and ROBINSON, *Circuit Judges*.

―――――――――――――――

Appeal from a judgment of the United States District Court for the

Eastern District of New York (Brown, *J.*), granting summary judgment in favor of

the defendant-appellee former employer in this personal injury action brought

under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Pursuant to the district court's individual rules, the employer requested a pre-motion conference to discuss its anticipated motion for summary judgment. The district court held a pre-motion conference and thereafter, deeming the motion to have been made, denied it, setting the matter down for trial. Two years later, and only four days before the scheduled start of trial, the district court *sua sponte* reconsidered and granted summary judgment to the employer, dismissing the complaint, without notice to the parties or an opportunity for the former employee to submit opposition.

VACATED AND REMANDED.

PHILIP DINHOFER, Philip J. Dinhofer LLC, Rockville Centre, New York, *for Plaintiff-Appellant*.

HELENE HECHTKOPF, Hoguet Newman Regal & Kenney, LLP, New York, New York (Jason D. Barnes, Metropolitan Transportation Authority, New York, New York, *on the brief*), *for Defendant-Appellant.*

CHIN, *Circuit Judge*:

In this case, plaintiff-appellant John Kowalchuck sued his former employer, defendant-appellee Metropolitan Transportation Authority (the

"MTA"), under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, for injuries sustained while clearing snow at an MTA property.  The MTA requested a pre-motion conference to discuss its anticipated motion for summary judgment.  The district court granted the request.  At the pre-motion conference, the district court deemed the MTA's motion as having been made and denied it.  Two years later, and only four days before trial was set to begin and without notice to either party, the district court reconsidered its previous denial of the motion and granted summary judgment in favor of the MTA, dismissing the complaint.  Kowalchuck was not given an opportunity to submit papers in opposition to the motion.

On appeal, Kowalchuck argues that the district court erred when it *sua sponte* reconsidered its denial of summary judgment and granted summary judgment to the MTA, without giving him notice or an opportunity to be heard.  We agree.  For the reasons set forth below, we VACATE and REMAND.

## BACKGROUND

### I.    *The Facts*

As alleged in the complaint,[1] the facts may be summarized as follows: Kowalchuck was employed as a police officer by the MTA.  On January 27, 2015, during a shift, Kowalchuck shoveled snow from an accessibility ramp at an MTA building.  While pushing a shovel on the ramp to clear the snow, he hit a raised edge of a wooden plank.  Kowalchuck felt a jolt, and sustained injuries to his shoulder, neck, and cervical spine.  On August 26, 2016, Kowalchuck retired from the MTA.

### II.    *Procedural History*

On April 8, 2017, Kowalchuck filed the complaint below.  He alleged that the MTA's negligence caused the injuries he sustained while shoveling snow, and he sought $5 million in damages.  Specifically, he maintained that the MTA was negligent by failing to provide a safe workplace and failing to inspect and maintain the accessibility ramp.  The MTA answered the complaint on June 7, 2017.

---

[1]    Although this is an appeal from the grant of summary judgment, as discussed below, the record is incomplete.  Accordingly, we rely on the facts set forth in the complaint.

Following discovery, the MTA sought to move for summary judgment. In accordance with the district court's procedures, the MTA filed a letter requesting a conference to discuss its anticipated summary judgment motion. Appellant's App'x 27-28 (noting that the district court's individual rules require parties who wish to make a motion to first request a pre-motion conference). The MTA argued that Kowalchuck could not establish the elements of a negligence claim, as required by FELA, and that Kowalchuck's claim failed in any event because the MTA provided him with a reasonably safe workplace. The MTA also filed a proposed statement of facts, apparently incorporating Kowalchuck's responses and counterstatement of facts. The document is not signed by either side. While the document cites deposition transcripts and refers to photographs, none are attached as exhibits. *See* Docket No. 24-1. The next day, before receiving any response from Kowalchuck, the district court granted the MTA's request for a pre-motion conference and ordered the parties to "be prepared to address defendant's anticipated summary judgment motion." Appellant's App'x at 49. The district court did not require Kowalchuck to respond to the MTA's pre-motion letter.

On March 6, 2020, the district court held the pre-motion conference. As the transcript of the conference shows, the district court gave both sides the opportunity to address Kowalchuck's FELA claim orally. At the conclusion of the conference, the district court explained that it would deem the MTA's motion as having been made and was denying it. The district court subsequently entered a minute order to that effect, which read, in relevant part: "The Court deems the motion having been made and finds there are sufficient issues of fact to be determined by a jury. Jury selection and trial set for 6/1/2020 at 9:30 a.m. before Judge Brown." Appellant's App'x at 15; *see also id.* at 77. Because the district court did not require the MTA to move formally for summary judgment before entering its denial, there was no need for Kowalchuck to respond in writing to the MTA's anticipated motion for summary judgment, and he did not do so.

Two years went by. After delays due in part to the COVID-19 pandemic, the district court scheduled a bench trial for August 8, 2022.[2] On August 4, 2022 -- just four days before the bench trial was set to begin and with no notice to either party -- the district court reconsidered its previous denial of

---

[2]     On January 21, 2022, the parties informed the district court that they had agreed to proceed with a bench, rather than a jury, trial. *See* Docket No. 49.

summary judgment and granted summary judgment in favor of the MTA in a

memorandum of decision and order. *Kowalchuck v. Metro. Transp. Auth.*, No. 17-

CV-2146 (GRB), 2022 WL 3099241, at *1 (E.D.N.Y. Aug. 4, 2022). The district

court's memorandum decision stated, in part:

> This action, brought pursuant to the Federal Employers'
> Liability Act, 45 U.S.C. § 5l, *et seq.*, is set for a bench trial
> in several days. While the Court had earlier rejected a
> motion for summary judgment, in preparing for trial,
> matters have come to the Court's attention that reveal
> that that determination was in error, because based
> upon undisputed fact and recent appellate law, the
> plaintiff simply cannot prevail. While the Court could
> simply allow the matter to proceed to a short bench
> trial, such procedure would visit unjustified costs and
> encumbrances of travel and trial preparation upon the
> parties. In fact, in this case, there are specific burdens
> that would be worked upon plaintiff should trial
> proceed. *See* DE 29 (letter noting that plaintiff, who has
> to travel from North Carolina, has suffered a series of
> strokes, is a cardiac care patient, and faces enhanced
> COVID risks). Thus, while the Court regrets taking this
> action at the eleventh hour, the practical and
> evidentiary realities and common decency demand that
> the Court must reconsider its earlier determination and
> enter summary judgment in favor of defendant.

*Id.*

The district court made several factual findings in granting

summary judgment to the MTA. *See id.* at *1-3. It found, for example, that the

- 7 -

defect in the accessibility ramp was, at its worst, "approximately equal[] to the thickness of a key fob, which measures 6/16" of an inch, and that the ramp was "fully functional for its intended use." *Id.* at *1. The district court included a photograph of the defect in its memorandum decision, as well as a blow-up of that photograph, and referenced other photographs "supplied in anticipation of trial." *See id.* at *1. Although the record is not clear, it appears that the MTA submitted these photographs to the district court in a July 22, 2022 letter as part of a set of pre-marked trial exhibits. *See* Appellant's App'x at 79. The MTA's letter, the photograph, and its blow-up are included in the Appellant's Appendix on appeal but were not docketed below. Appellant's App'x at 18 (showing no entry or documents containing pre-marked exhibits filed on or around July 22, 2022).

The MTA had not renewed its motion for summary judgment before the district court's August 4, 2022 decision, and the district court did not give notice to the parties that it was reconsidering its prior denial of summary judgment. Judgment was entered on August 5, 2022. This appeal followed.

*DISCUSSION*

Kowalchuck contends that the district court erred when it *sua sponte* reconsidered its earlier denial of the MTA's motion for summary judgment, and then granted the motion, without giving him notice or an opportunity to be heard. We agree.

I.     *Standard of Review*

We review a district court's grant of summary judgment *de novo*. *Murphy v. Hughson*, 82 F.4th 177, 183 (2d Cir. 2023). We also review claims of procedural error in the grant of summary judgment *de novo*. *See Hisps. for Fair & Equitable Reapportionment (H-FERA) v. Griffin*, 958 F.2d 24, 26 (2d Cir. 1992) (per curiam) ("As *de novo* reviewers of the district court's order, we . . . hold that there was insufficient notice and opportunity to be heard in the instant case.").

II.    *Applicable Law*

A.     **The Requirement of a Pre-Motion Conference**

District courts have the "inherent authority to manage their dockets" to promote "the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citations omitted). To that end, it is a common practice in this Circuit for district courts to require parties to request a conference before filing a

motion and submit letters describing the grounds for the proposed motion. *See,*

*e.g., Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 649 (2d Cir. 1987)

(describing this practice). Pre-motion conferences may serve a useful purpose, as

they enable district judges, for example, to weed out frivolous motions, narrow

the issues, and set briefing schedules. *See id.* at 652 (noting that "[l]itigants and

the courts profit" when pre-motion conferences "serve the useful purpose of

narrowing and resolving conflicts between the parties and preventing the filing

of unnecessary papers"); *Inside Connect, Inc. v. Fischer*, No. 13-cv-1138 (CS), 2014

WL 2933221, at *10 n.20 (S.D.N.Y. June 30, 2014) ("Pre-motion letters are a

procedural tool . . . use[d] to manage the litigation process; they are not a

strategic device to prevent the court from deciding cases on the merits.").

While pre-motion letters and conferences are useful tools, the

inherent authority of district courts to conduct abbreviated proceedings has

limits. "Absent extraordinary circumstances, such as a demonstrated history of

frivolous and vexatious litigation . . . or a failure to comply with sanctions

imposed for such conduct . . . a court has no power to prevent a party from filing

pleadings, motions or appeals authorized by the Federal Rules of Civil

Procedure." *Richardson Greenshields Sec.*, 825 F.2d at 652 (citations omitted). Put

simply, district courts' pre-motion requirements cannot operate to prevent parties from moving for -- or opposing -- summary judgment.

**B.      District Courts' Power to Grant Summary Judgment** *Sua Sponte*

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  While a district court typically considers summary judgment upon a motion by a party, a court may grant summary judgment without being asked by a party to do so.  *See* Fed. R. Civ. P. 56(f)(3); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  A district court may grant summary judgment *sua sponte*, however, only after providing the parties with notice and an opportunity to be heard.  *See* Fed R. Civ. P. 56(f).  Specifically, Federal Rule of Civil Procedure 56(f) requires a district court to: (1) give the parties "notice and a reasonable time to respond" and (2) identify "for the parties material facts that may not be genuinely in dispute."  *Id.*; *see In re 650 Fifth Ave. & Related Props.*, 830 F.3d 66, 96 (2d Cir. 2016) (outlining the two-part test).

These requirements are not new.[3] Rule 56 embodies procedural safeguards that the Supreme Court and this Court have long required for *sua sponte* grants of summary judgment. *See Celotex*, 477 U.S. at 326 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." (citations omitted)); *In re 650 Fifth Ave. & Related Props.*, 830 F.3d at 96-97 ("We have emphasized that 'care should be taken by the district court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried.'" (quoting *Schwan-Stabilo Cosmetics GmbH v. Pacificlink Int'l Corp.*, 401 F.3d 28, 33 (2d Cir. 2005))); *Hisps. for Fair & Equitable Reapportionment (H-FERA)*, 958 F.2d at 25 ("We cannot in good conscience affirm a summary judgment if we are not satisfied that the appellant had been given an opportunity upon notice to oppose the grant below."). Where,

---

[3] Since 2010, Rule 56 has "provide[d] express procedures governing the grant of summary judgment independent of a motion." *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 80 n.2 (2d Cir. 2014). Subsection (f) reads in full: "After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed R. Civ. P. 56(f).

as here, a court decides to reconsider a prior denial of summary judgment, it must give notice and an opportunity to be heard. *See Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 245-46 (2d Cir. 1983).[4]

We vacate and remand for procedural error where a district court grants summary judgment before a party has notice or the opportunity to be heard and, as a result, the party is procedurally prejudiced. *See In re 650 Fifth Ave. & Related Props.*, 830 F.3d at 97 (vacating the district court's judgment where the losing party had no notice or opportunity to present evidence, and concluding that, because of an undeveloped record, the district court procedurally erred in granting summary judgment in favor of the government). A party is prejudiced by the district court's use of a truncated or expedited procedure if the party "is surprised by the district court's" *sua sponte* grant of summary judgment and "that surprise results in the party's failure to present evidence in support of its position." *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000) (citations omitted); *see ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 525 (2d Cir. 2018) (vacating because "[b]y *sua sponte*

---

[4]    In *Warner Bros.*, although we noted that a trial court has discretion to reconsider an interlocutory ruling, we suggested that it would be an abuse of discretion to do so if the party opposing the motion had not been given "a full opportunity to oppose the motion when first made." *Id.*

entering summary judgment without affording ING the opportunity to present its relevant evidence, the District Court denied ING the procedures to which it was entitled under Rule 56").[5]

### III. Application

We conclude that the district court committed procedural error in granting summary judgment to the MTA in the circumstances here.

*First*, the district court erred by failing to give Kowalchuck notice before reconsidering its denial of summary judgment and granting summary judgment in favor of the MTA. *See* Fed R. Civ. P. 56(f); *In re 650 Fifth Ave. & Related Props.*, 830 F.3d at 97 (concluding the district court procedurally erred by *sua sponte* granting summary judgment for the moving party based on a ground not raised by the moving party and without giving any notice to the non-moving party). As the MTA conceded at oral argument, Kowalchuck did not receive any notice that the district court was reconsidering its prior denial of summary judgment. *See* Oral Arg. Tr. at 13:12-13. And Kowalchuck had no reason to

---

[5]    In *Bridgeway*, while we affirmed the *sua sponte* grant of summary judgment against a moving party, we noted that we "have firmly discouraged the practice." 201 F.3d at 139. We concluded that the party against whom summary judgment was granted was not prejudiced because the issues in question had been fully briefed. *See id.* at 140.

expect such a decision, given that trial was set to begin in just four days. *See Celotex*, 447 U.S. at 326 (permitting *sua sponte* summary judgment only if "the losing party was on notice that she had to come forward with all of her evidence").

*Second*, the district court erred by not affording Kowalchuck the opportunity to respond before granting summary judgment. Kowalchuck had no opportunity, much less a "full and fair" one, to submit evidence to show the existence of genuine issues of fact to challenge the MTA's evidence or legal arguments. *Ramsey v. Coughlin*, 94 F.3d 71, 73-74 (2d Cir. 1996), *superseded in part by statute*, Fed R. Civ. P. 56(f).[6] Kowalchuck was thus prejudiced by the truncated procedure adopted by the district court. *See Bridgeway*, 201 F.3d at 139.

*Third*, the district court erred by granting summary judgment without a proper summary judgment record. It relied on the MTA's *proposed* statement of facts and Kowalchuck's apparent responses to those facts and his proposed counterstatement of facts -- as well as photographs with unclear

---

[6]    "Although *Ramsey* was decided before Rule 56 was amended in 2010 to provide express procedures governing the grant of summary judgment independent of a motion, its statements regarding the care a district court must take before *sua sponte* granting summary judgment remain good law." *Swatch Grp.*, 756 F.3d at 80 n.2.

- 15 -

origins. *See generally Kowalchuck*, 2022 WL 3099241, at *1-3 (citing docket entry 24-1, the proposed facts, and including and citing to photographs). As noted above, the record suffered from several deficiencies: the statements of facts were only proposed statements and were unsigned, and the cited deposition transcripts or photographs were not provided. The district court relied on photographs that had not yet been received into evidence, without giving Kowalchuck an opportunity to object to or comment on them, and without considering any evidence that Kowalchuck might have wanted to offer.

While the MTA argues on appeal that any error was harmless because Kowalchuck failed to identify any evidence that could have defeated summary judgment, that argument misses the point. Kowalchuck did not have the opportunity to submit evidence before the district court granted summary judgment against him. We cannot determine if the error was harmless because we simply do not know what would be in a proper summary judgment record. *See Ramsey*, 94 F.3d at 74 (reversing a grant of summary judgment because "we have no way of knowing whether all pertinent materials obtained in discovery are before us"); *cf. Park S. Hotel Corp. v. N.Y. Hotel Trades Council & Hotel Ass'n of N.Y.C., Inc. Pension Fund*, 705 F.2d 27, 30 (2d Cir. 1983) (per curiam) (reversing a

grant of a stay of arbitration where the opposing party was "denied its day in court" and remanding for the district court to give that party "the opportunity . . . to offer relevant evidence and expand the record").

We have no quarrel with the district court's decision, at the conclusion of the March 6, 2020 conference, to deem the MTA's motion for summary judgment as having been made.  We have "occasionally 'approved' the practice of construing pre-motion letters as the motions themselves under appropriate circumstances." *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54 (2d Cir. 2022) (alteration adopted) (quoting *Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019) (summary order)).  We have approved this practice with respect to the resolution of non-dispositive motions and the *denial* of dispositive motions.  *See Int'l Code Council*, 43 F.4th at 54 (collecting cases); *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (summary order) (affirming the denial of a pre-motion letter for sanctions that the district court "construed . . . as the motion itself" because the letter and responses were lengthy and detailed, and showed the "clear lack of merit of the sanctions argument").  And while we have occasionally affirmed the granting of dispositive motions without full briefing, we have done so only when the issues

- 17 -

were predominantly legal and the complaint had "substantial deficiencies," while emphasizing our concerns with such an approach. *See Grossman v. GEICO Cas. Co.*, No. 21-2789, 2022 WL 1656593, at *4 (2d Cir. May 25, 2022) (summary order) (concluding that "any error in the district court's dismissal order is harmless" while noting that plaintiffs "raise[d] a valid concern" about the lack of full briefing and reiterating that the "procedure the district court used was perhaps improper").

Summary judgment, of course, is a dispositive motion, and often the issues raised are not predominantly legal. We have long expressed "[o]ur disapproval" of *grants* of dispositive motions based on pre-motion letters. *Int'l Code Council*, 43 F.4th at 54-55. We repeat ourselves more forcefully here: If a district court believes it should grant summary judgment (or other dispositive relief) based on pre-motion letters, it must give the party opposing the motion notice and an opportunity to be heard, including, with respect to a request for summary judgment, the opportunity to submit evidence.

While the district court's desire to streamline the proceedings and save Kowalchuck the time, trouble, and expense of going to trial in what it believed was a weak case is understandable, it could not do so at the expense of

Kowalchuck's right to notice and an opportunity to be heard. The abbreviated nature of the proceedings here is particularly troubling because Kowalchuck brings this case under FELA, a statute that seeks to provide broad protection for workers employed by railroads engaged in interstate commerce. Indeed, the Supreme Court has relaxed the standards for proving negligence in FELA cases. *See Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 507 (1957) ("[T]he test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought."); *see also Sinclair v. Long Island R.R.*, 985 F.2d 74, 76 (2d Cir. 1993) ("[T]here is 'a considerably more relaxed standard of proof' for determining negligence in FELA cases . . . ." (citations omitted)); *Ulfik v. Metro-North Commuter R.R.*, 77 F.3d 54, 58 (2d Cir. 1996) ("[A]n employer may be held liable under FELA for risks that would otherwise be too remote to support liability at common law." (citations omitted)). Kowalchuck was deprived of a fair opportunity to show that he could meet the FELA standards. As a result, we remand the case to the district court to give Kowalchuck a fair opportunity to show whether he could meet these standards; we express no view as to whether he can. *See Hisps. For Fair & Equitable Reapportionment (H-FERA)*, 958 F.2d at 26

- 19 -

("We express no opinion as to whether they can make this showing. We simply hold that they should be given this opportunity.").

## *CONCLUSION*

For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED for further proceedings.