*Murphy v. Onondaga Cnty.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

KEVIN MURPHY,

> *Plaintiff-Appellant*,

> v.                                                                    24-904

ONONDAGA COUNTY, ONONDAGA COUNTY SHERIFF'S DEPARTMENT, CARL HUMMEL, all individually and in their capacities as employees of Onondaga County and the Onondaga County Sheriff's Department, WILLIAM FITZPATRICK, both individually and in his capacity as District Attorney of Onondaga County, MELANIE S. CARDEN, both individually and in her capacity as an employee of Onondaga County, LINDSEY M. LUCZKA, both individually and in her capacity as an employee of Onondaga County, EUGENE CONWAY, both individually and in his capacity as Sheriff of Onondaga County, MICHAEL DICKINSON, all individually and in their capacities as employees of

1

Onondaga County and the Onondaga County Sheriff's Department, JAMMIE BLUMER, all individually and in their capacities as employees of Onondaga County and the Onondaga County Sheriff's Department, JONATHAN ANDERSON, all individually and in their capacities as employees of Onondaga County and the Onondaga County Sheriff's Department, JOSEPH PELUSO, all individually and in their capacities as employees of Onondaga County and the Onondaga County Sheriff's Department, ROY GRATIEN, all individually and in their capacities as employees of Onondaga County and the Onondaga County Sheriff's Department,

*Defendants-Appellees,*

JOSEPH CICIARELLI, both individually and in his capacity as Chief Police Deputy, JASON CASSALIA, all individually and in their capacities as employees of Onondaga County and the Onondaga County Sheriff's Department, STEFANO CAMBARERI, both individually and in his capacity as an employee and agent of both Onondaga County and William Fitzpatrick, BRYAN K. EDWARDS, both individually and in his capacity as an agent of Onondaga County, WESTCOTT EVENTS, LLC, both individually and as an agent of Onondaga County,

*Defendants.*

---

For Plaintiff-Appellant:                Jeffrey R. Parry, Esq., Fayetteville, NY.

For Defendants-Appellees Eugene
Conway, Michael Dickinson, Jammie
Blumer, Jonathan Anderson, Joseph
Peluso, and Roy Gratien:              Kelly Joseph Pare, Esq., Robert J. Smith, Esq., Elizabeth Anne Hoffman, Esq., Costello, Cooney & Fearon, PLLC, Syracuse, NY.

Appeal from a judgment of the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kevin Murphy ("Murphy"), a former sergeant in the Onondaga County Sheriff's Department, appeals from the April 5, 2024, amended judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), granting summary judgment in favor of Defendants-Appellees Onondaga County, the Onondaga County Sheriff's Department, and a host of law enforcement and government employees in Onondaga County, and dismissing Murphy's claim, brought pursuant to 42 U.S.C. § 1983, that he was retaliated against for exercising his First Amendment rights.[1]   Murphy filed his complaint in October 2018, alleging, *inter alia*, that the Sheriff Defendants had barred him from doing police work in retaliation for various matters, including a June 2017 incident in which Murphy, working an overtime shift at a concert, responded to a dispute involving his wife and a Westcott Security Services ("Westcott") guard. Murphy amended his complaint to add the County Defendants in July 2019, in the wake of a grand jury inquiry instigated by the District Attorney into Murphy's conduct after the June 2017 incident, when Murphy investigated Westcott's employment of unlicensed security guards, including the guard involved in the June 2017 altercation.   We "review[] *de novo* a district court's grant of summary judgment."   *Naimoli v. Ocwen Loan Servicing, LLC*, 22 F.4th 376, 381 (2d Cir. 2022). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

\*     \*     \*

---

[1]  The Defendants-Appellees are Sheriff Eugene Conway, Captain Michael Dickinson, Lt. Jammie Blumer, Lt. Jonathan Anderson, Sgt. Joseph Peluso, and Assistant Chief Roy Gratien (the "Sheriff Defendants"), and Onondaga County, the Onondaga County Sheriff's Department, Commissioner Carl Hummel, District Attorney William Fitzpatrick, and Assistant District Attorneys Melanie S. Carden and Lindsey M. Luczka (the "County Defendants").

We address two procedural issues at the start. In February 2024, after Murphy failed properly to oppose the Statement of Material Facts put forward by the Sheriff Defendants in their motion for summary judgment, the district court granted summary judgment to the Sheriff Defendants. The Sheriff Defendants argue that Murphy has appealed only the April 2024 order granting summary judgment to the County Defendants, not the February 2024 order. But even assuming *arguendo* that Murphy has not waived his appeal of the district court's February 2024 summary judgment order, he has not provided any reason why the district court erred in deeming admitted the Sheriff Defendants' Statement of Material Facts when Murphy's response failed to comply with the Local Rules. Given the facts that the district court deemed admitted, and given that Murphy has presented no argument that the district court's ruling on this issue was error, we will not disturb the district court's resulting decision on the merits as to the Sheriff Defendants.

As to the County Defendants, the district court, noting that Murphy had not identified how any allegedly adverse action was causally related to protected speech and that "it is hard to see how any of these defendants could have been 'personally involved' in any conduct actionable under § 1983," *sua sponte* issued an Order to Show Cause why the court should not grant summary judgment as to them as well. Special App'x at 8. In March 2024, Murphy responded by filing a Statement of Material Facts together with hundreds of pages of attached exhibits. The district court, concluding that Murphy had not complied with the directions in its Order to Show Cause, looked only at Murphy's 10-page statement of material facts and not the attached exhibits, which included an affidavit from Murphy. Murphy argues that it was error for the district court to "never read plaintiff's papers and proceed[] only on the Statement of Material Facts." Murphy Br. at 1.

4

To be sure, we "review claims of procedural error in the grant of summary judgment *de novo*." *Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 214 (2d Cir. 2024) (citation omitted). But Murphy does not contend that he lacked "the opportunity to submit evidence before the district court granted summary judgment against him" or that he would have submitted other exhibits had the Order to Show Cause taken a different form. *Id.* at 217 (finding procedural prejudice because Kowalchuck did not have that opportunity); *see* Murphy Br. at 14 ("Judge Hurd asked for my evidence and it was provided." (emphasis removed)). In such circumstances, we need not decide Murphy's claim that the district court erred procedurally, because we conclude that summary judgment was properly granted as to the County Defendants, considering the entire record on appeal.

\* \* \*

To establish a First Amendment retaliation claim, a plaintiff must show: "that (1) the conduct at issue was constitutionally protected, (2) the alleged retaliatory action adversely affected his constitutionally protected conduct, and (3) a causal relationship existed between the constitutionally protected conduct and the retaliatory action." *Wrobel v. Cnty. of Erie*, 692 F.3d 22, 27 (2d Cir. 2012) (citation omitted). Moreover, he must establish the personal involvement of each defendant. *See Raspardo v. Carlone*, 770 F.3d 97, 115-16 (2d Cir. 2014).

Even assuming *arguendo* that Murphy demonstrated the required elements of personal involvement, First Amendment protected activity, and adverse action, the district court correctly concluded as to the bulk of the allegations involving the County Defendants that Murphy adduced insufficient evidence of causation to warrant "the inference that the protected speech was a substantial motivating factor in the adverse employment action." *Cotarelo v. Village of Sleepy Hollow Police Dep't*, 460 F.3d 247, 251 (2d Cir. 2006) (citation omitted). Indeed, Murphy's

5

brief on appeal does not even advance an argument as to how the district court erred in its causation determination, simply acknowledging that causation is an element he must establish for his claim to succeed. Murphy Br. at 25-26. This waiver alone is fatal to Murphy's appeal. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (noting that a party waives any argument "unaccompanied by some effort at developed argumentation" (citation omitted)).

But even if Murphy had not waived the argument, there is no triable issue of fact on causation with regard to the bulk of Murphy's claims. Murphy alleges that he was retaliated against, *inter alia*, for reporting that an officer was having a sexual relationship with a confidential informant and for acting on an assault report that another officer had ignored. But Murphy has not marshalled evidence to indicate a connection between these incidents and the later actions by District Attorney Fitzpatrick and his staff. The district court properly concluded that, on the facts in the record, "[a] span of over two years between [this supposedly protected activity and adverse action] is far too attenuated to create a jury question on causation." Special App'x at 31. Murphy makes only the conclusory allegation that the grand jury investigation was in retaliation for him "hav[ing] told [his] supervisors repeatedly of improper arrests, improper police conduct, citizen complaints and poorly trained personnel." App'x at 61. This is far from enough to support a reasonable jury determination.

To be sure, the record is clear that *some* of the County Defendants' actions *were* linked to Murphy's June 2017 conduct at the concert and afterward. District Attorney Fitzpatrick wrote in a letter to Sheriff Conway that he "conducted an investigation into whether Sgt. Murphy's behavior in this case [i.e., Murphy's investigation into the Westcott security guards] amounted to criminal conduct." *Id.* at 149. As to Murphy's claim of retaliation in connection with this matter, however, Murphy's conduct in carrying out a law enforcement investigation into the Westcott

6

guards, applying for subpoenas, and seeking warrants constitutes action taken "in his official capacity," rather than as a private citizen, and Murphy never contends otherwise. *Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008) (citation omitted). Such conduct is not properly the subject of a First Amendment retaliation claim. *Id.* Nor has Murphy adduced sufficient evidence to support a reasonable jury determination that the grand jury investigation was based on Murphy's private speech in bringing his lawsuit. *Cf. Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2004).

\* \* \*

We have considered Murphy's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7