*United States of America ex rel. Hassan Foreman v. AECOM*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-six.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA ex rel. HASSAN FOREMAN,

> > *Plaintiff- Appellant,*

UNITED STATES OF AMERICA,

> > *Plaintiff,*

> > v.                                                                No. 25-1070

AECOM, AECOM GOVERNMENT

1

SERVICES, INC., AC FIRST, LLC, AECOM/GSS LTD, DBA GLOBAL SOURCING SOLUTIONS, INC.,

*Defendants-Appellees.**

---

FOR PLAINTIFF-APPELLANT:          DANIEL F. OLEJKO (Jeffrey R. Bragalone, *on the brief*), Bragalone Olejko Saad PC, Dallas TX

FOR DEFENDANTS-APPELLEES:          JENNA M. DABBS (Kate L. Doniger, Maximillian L. Feldman, Reed M. Keefe, *on the brief*), Hecker Fink LLP, New York, NY

Appeal from a March 26, 2025 judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Hassan Foreman, as a qui tam relator, sued Defendants-Appellees AECOM, AECOM Government Services, Inc., AC First, LLC, and AECOM/GSS Ltd. d/b/a Global Sourcing Solutions, Inc. (collectively "AECOM"), asserting several claims under the False Claims Act ("FCA"). The District Court granted AECOM summary judgment, and this appeal followed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

---

* The Clerk of Court is respectfully directed to amend the caption accordingly.

2

## I.    Background

AECOM entered into an agreement with the United States government to provide services to the United States Army in Afghanistan.  Foreman, a former AECOM employee, brought suit under the FCA, alleging AECOM submitted false claims for payment in relation to its contract with the United States government.  In particular, Foreman argues AECOM did not abide by its contractual obligations related to timekeeping and the qualifications and vetting of certain personnel, and that its submissions for payment constituted false certifications of its compliance with the contract's terms.

On a prior appeal, this Court remanded the claims "premised on AECOM's improper labor billing violations" because the District Court improperly considered evidence outside of the complaint, namely a report by the Defense Contract Audit Agency (the "DCAA Report"), at the motion-to-dismiss stage.  *See United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 117 (2d Cir. 2021).  On remand, the parties engaged in nearly two years of discovery, and thereafter, the District Court entered an order converting the remanded motion to dismiss into a motion for summary judgment. Rather than accept AECOM's offer to adhere to a typical briefing schedule with regard to the summary judgment motion, Foreman filed a "response" to the converted motion, consisting of a 60-page brief and over 70 exhibits.  AECOM filed a subsequent brief "in further support" of the motion, which effectively served as its reply.  In response,

Foreman filed a letter motion with the District Court arguing that because AECOM's brief contained new arguments and relied on additional evidence not presented in AECOM's motion to dismiss, the District Court should strike the new arguments or alternatively grant him leave to file another response. The District Court denied those requests.

Separately, Foreman sought to defer the District Court's decision on the summary judgment motion pursuant to Fed. R. Civ. P. 56(d) in order to obtain additional discovery. The District Court denied that request, reasoning that most of the requested discovery pertained to issues it deemed immaterial, and the requests that related to material issues did not identify the evidence sought with sufficient specificity. *See United States ex rel. Foreman v. AECOM*, No. 16-cv-1960, 2025 WL 459885, *1–2 (S.D.N.Y. Feb. 11, 2025).

After denying Foreman's request to respond to AECOM's latest brief, and after denying the Rule 56(d) motion, the District Court granted summary judgment in favor of AECOM. *See United States ex rel. Foreman v. AECOM*, No. 16-cv-1960, 2025 WL 918810, *6 (S.D.N.Y. Mar. 26, 2025). The District Court concluded that Foreman failed to raise a genuine issue as to the materiality of the alleged labor billing violations underlying his FCA claim, in part because the government had actual knowledge of Foreman's allegations based on the DCAA Report and other evidence. *See id.* at *3–5.

4

## II.     Conversion and Opportunity to Respond

First, we conclude that the District Court did not abuse its discretion in converting the remanded motion to dismiss into a motion for summary judgment, or in deciding the motion without providing Foreman leave to file a sur-reply.

Under Fed. R. Civ. P. 12(d), a district court may convert a motion to dismiss to a motion for summary judgment so long as all parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Foreman first argues that the conversion order itself was error because the original motion to dismiss had already been appealed and vacated by this Court. But we have expressly recognized a district court's ability to convert a remanded motion to dismiss. *See King v. Simpson*, 189 F.3d 284, 288 n.2 (2d Cir. 1999). Next, Foreman argues that the District Court did not provide the opportunity to respond required by Fed. R. Civ. P. 12(d). But Foreman was permitted to, and in fact did counter the evidence submitted alongside the original motion, both in his opposition to the original motion to dismiss and in the substantial "response" he filed after the conversion to summary judgment. Generally, a party "cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, counter-affidavits, depositions, etc. in support of and in opposition to [the] motion to dismiss." *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985).

Foreman's argument may be better understood as a challenge to the District Court's reliance on materials filed with AECOM's reply brief and the District Court's refusal to afford him a sur-reply. We review the District Court's reliance on evidence presented in AECOM's reply brief for abuse of discretion. *See Bayway Refin. Co. v Oxygenated Mktg. and Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000). Three factors inform our review: 1) whether the non-movant was "surprised," 2) whether the non-movant sought leave to file a sur-reply, and 3) whether the non-movant claims to have evidence to counter the evidence put forward in the reply brief. *See Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 & nn. 3-4 (2d Cir. 2005); *Pager v. Greater N. Ins. Co.*, 24-cv-813, 2025 WL 855846, at *5 (2d Cir. Mar. 19, 2025) (summary order) (citing *Bayway*, 215 F.3d at 226–27).

Under the circumstances of this case, the District Court did not abuse its discretion. Though Foreman did seek leave to file a sur-reply, he did so only after ignoring AECOM's offer to adhere to a more typical briefing schedule, which undoubtedly would have afforded him the opportunity to respond to AECOM's evidence. Additionally, Foreman can hardly be surprised that AECOM was allowed to rely on additional evidence beyond that included in the original motion to dismiss after two intervening years of discovery. Nor can he have been surprised by the District Court's reliance on the very contracts at issue in this case. *See* Appellant's Br. at 45 (taking issue with the District Court's reliance on various iterations of the contract). And though Foreman claims to have evidence to

6

counteract the evidence included in AECOM's reply, he fails to point to any evidence that would have altered the District Court's determinative conclusions on materiality.

### III. Rule 56(d)

Next, we conclude that Foreman's appeal of the District Court's denial of his Fed. R. Civ. P. 56(d) motion lacks merit. Again, we review for abuse of discretion. *See Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016).

To succeed, Foreman "'must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative,' and a 'bare assertion' that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)."[1] *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (quoting *Sundsvallsbanken v. Fondmetal, Inc.*, 624 F. Supp. 811, 815 (S.D.N.Y. 1985)). Having reviewed the relevant submissions, we find no abuse of discretion in the District Court's conclusion that none of the items identified by Foreman that were germane to the determinative issues in the case were identified with sufficient specificity.

---

[1] "The subsection now known as Rule 56(d) was numbered as Rule 56(f) until the 2010 Amendments." *Elliott v. Cartagena*, 84 F.4th 481, 488 n.7 (2d Cir. 2023).

IV. **Summary Judgment**

Finally, we affirm the District Court's grant of summary judgment on the merits. No reasonable juror could find that AECOM's contractual violations were material to the government's payment decisions.

A. **Standard**

We review grants of summary judgment de novo. *See Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 214 (2d Cir. 2024). In doing so, we "view[] the evidence in the light most favorable to the nonmoving party to determine whether genuine issues of material fact preclude judgment as a matter of law." *Murphy v. Hughson*, 82 F.4th 177, 183 (2d Cir. 2023).

To succeed on his FCA claims, Foreman must show that AECOM's alleged "misrepresentation about compliance with a . . . contractual requirement [is] material to the Government's payment decision." *AECOM*, 19 F.4th at 109 (quoting *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 192 (2016)). "The materiality standard 'is demanding,' inasmuch as it serves to protect the FCA from being transformed into 'a vehicle for punishing garden-variety breaches of contract or regulatory violations.'" *Id.* (quoting *Escobar*, 579 U.S. at 194). Indeed, "materiality 'cannot be found where noncompliance is minor or insubstantial.'" *Id.* (quoting *Escobar*, 579 U.S. at 194). Most relevant here, "if the Government pays a particular claim in full despite its

8

actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material." *Escobar*, 579 U.S. at 195.

The Supreme Court has expressly endorsed deciding cases on the materiality requirement at the summary judgment stage. *See id.* at 195 n.6 (rejecting the argument "that materiality is too fact intensive for courts to dismiss False Claims Act cases . . . at summary judgment").

Three factors guide the analysis of materiality: "(1) whether the government expressly designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment; (2) the government's response to noncompliance with the relevant contractual, statutory, or regulatory provision; and (3) whether the defendants' alleged noncompliance was 'minor or insubstantial.'" *AECOM*, 19 F.4th at 110 (quoting *Escobar*, 579 U.S. at 194–96).

### B.  Express Designation and Substantiality

Our prior decision in this case is instructive as to the first and third factors.

Previously, we held that the first factor "weighs neutrally or has, at most, only limited weight in the analysis of Foreman's materiality pleading" in relation to all of Foreman's allegations, including those at issue now. *Id.* at 111.  We see no reason why that analysis would shift between the pleadings and summary judgment stages, as Foreman's claims remain based in the same contractual requirements, and Foreman

9

offered no additional argument related to the factor in his summary judgment briefing or on appeal.

As to substantiality, at least with respect to the timekeeping claims at issue at this stage, the Court held that Foreman's allegations of $140 million in liability weighed "modestly in favor of a finding of materiality." *Id.* at 117. Foreman concedes that estimate may have only shrunk since the pleadings stage. *See* Reply Br. at 26. Additionally, Foreman's own expert estimates that AECOM's exposure on the other set of surviving allegations, those related to the qualifications and vetting of certain personnel employed under the contract, amounts to far less. *See* J. App'x at 2323; Reply Br. at 26 n.15.

At the very best, then, the first and third factors may work slightly in Foreman's favor.[2]

### C. The Government's Knowledge

But the second factor weighs decisively against materiality in this case.

We start with Foreman's allegations related to AECOM's billing practices. The DCAA Report conclusively establishes that the government knew about the alleged

---

[2]  Foreman argues that the District Court focused solely on the second factor to the detriment of the first and third. *See* Appellant's Br. at 54. Indeed, "[n]o one factor is dispositive." *AECOM*, 19 F.4th at 110 (quoting *United States ex rel Lemon v. Nurses To Go, Inc.*, 924 F.3d 155, 161 (5th Cir. 2019)). But given our discussion of the other factors in the prior appeal, we think the District Court's decision to focus on the government's knowledge was appropriate. Even if it were not, "[w]e are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied." *Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machines Corp.*, 110 F.4th 106, 113 (2d Cir. 2024) (quoting *Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995)).

contractual violations broadly yet continued to make payments and even extended its contract with AECOM on multiple occasions. *See* J. App'x 2217–43. We agree with the District Court that the DCAA Report's detailing of specific instances of billing errors "mirror[s] Foreman's [operative Complaint] allegations almost exactly." *AECOM*, 2025 WL 918810, at *3. Beyond its specific findings of widespread billing errors, the DCAA Report also expressly warned the government that AECOM's "internal controls cannot be relied on to provide reasonable assurance of accurate data for charging labor costs." J. App'x at 2227. Thus, the government was aware of AECOM's alleged breach of contractual obligations and decided to continue its payments.[3]

Separately, there is no genuine issue of material fact regarding the government's knowledge of AECOM's employment of certain personnel without the (purportedly) contractually required certifications and vetting.[4] To the extent Foreman alleges that the employment of foreign nationals in the relevant positions violated the contract, AECOM informed the government that it would employ such individuals in the relevant positions

---

[3] Foreman's arguments to the contrary are unavailing. The specific government actions Foreman identifies against other contractors with allegedly similar billing issues are "at best only neutral with regard to a finding of materiality" because they either involved post hoc enforcement actions, not payment decisions, *AECOM*, 19 F.4th at 112 (quoting *United States v. Strock*, 982 F.3d 51, 64 (2d Cir. 2020)); *see* J. App'x at 2326–29, or do not evidence knowledge that the government "*consistently* refuses to pay claims in the *mine run* of cases," *AECOM*, 19 F.4th at 110 (emphasis added) (quoting *Escobar*, 579 U.S. at 195); *see* J. App'x at 2330. And the fog of war does not undermine the materiality analysis because the government continued to make payments even after the end of the war. *See, e.g., id.* at 4007.

[4] Upon an examination of the record, we agree with the District Court that the contract contained no requirements regarding the certification and vetting of the personnel at issue. The lack of a contractual hook dooms Foreman's claim as to those issues, separate and apart from the materiality deficiencies.

11

at the start of the contractual relationship, yet the government continued payments. *See id.* at 4201. Moreover, the government specifically investigated "the company's failure to provide evidence of qualified employees having the required training, certifications and licenses required to meet the performance standards established in the contract PWS," *see id.* at 4492, and the access issues at the heart of Foreman's allegations related to vetting, *see id.* at 2388–89. Still, the government paid. That is fatal to Foreman's claim.

## V.    <u>Conclusion</u>

We have considered Foreman's remaining arguments on the issues discussed in this order and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>