22-2950; 23-742
*Milligan; See v. GEICO Gen. Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty-five.

PRESENT:
        DENNIS JACOBS,
        RICHARD J. SULLIVAN,
        WILLIAM J. NARDINI,
           *Circuit Judges.*

———————————————————————

LORENA M. MILLIGAN, individually and on behalf of all others similarly situated,

        *Plaintiff-Appellee,*

        v.                              No. 22-2950

GEICO GENERAL INSURANCE COMPANY,

*Defendant-Appellant.**

_____

EVERETT SEE, on behalf of himself and all others similarly situated, SALVATORE CRISTIANO,

*Plaintiffs-Appellees,*

v.

No. 23-742

GOVERNMENT EMPLOYEES INSURANCE COMPANY, d.b.a. GEICO, GEICO GENERAL INSURANCE COMPANY,

*Defendants-Appellants.*

_____

| | |
|---|---|
| **For Defendant-Appellant GEICO General Insurance Company:** | DAN W. GOLDFINE, Dickinson Wright PLLC, Phoenix, AZ (Jamie L. Halavais, Anjali D. Webster, Dickinson Wright PLLC, Phoenix, AZ; Barry I. Levy, Michael P. Versichelli, Cheryl F. Korman, Rivkin Radler LLP, Uniondale, NY, *on the brief*). |
| **For Defendant-Appellant Government Employees Insurance Company:** | DAN W. GOLDFINE (Jamie L. Halavais, Anjali D. Webster, *on the brief*), Dickinson Wright PLLC, Phoenix, AZ. |
| **For Plaintiff-Appellee Lorena M. Milligan:** | KEITH ALTMAN, The Law Office of Keith Altman, Farmington Hills, MI. |
| **For Plaintiffs-Appellees Everett See and Salvatore Cristiano:** | HANK BATES, Carney Bates & Pulliam, PLLC, Little Rock, AR (Tiffany Wyatt Oldham, Lee Lowther, Carney Bates & |

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

Pulliam, PLLC, Little Rock, AR; Thomas M. Mullaney, The Law Office of Thomas M. Mullaney, New York, NY, *on the brief*).

Appeals from the orders of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*; Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 12, 2022 order of the district court in *Milligan v. GEICO General Insurance Company* and the March 30, 2023 order of the district court in *See v. Government Employees Insurance Company* are **AFFIRMED**.

GEICO General Insurance Company and Government Employees Insurance Company (together, "GEICO") appeal from the orders of the district courts denying their requests to compel appraisal in two separate putative class actions filed by Lorena Milligan, and by Everett See and Salvatore Cristiano, respectively (together, "Plaintiffs").[1]  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

---

[1] We address both matters in a single order because GEICO is represented by the same counsel, and as GEICO acknowledges, the core legal issue presented on appeal is substantially the same.

## I. Background

Although these matters arrive on appeal at different procedural stages and are not identical in the claims they assert against GEICO, they involve a similar set of facts: Plaintiffs each had an automobile insurance policy with GEICO on which they sought to collect after their cars were involved in accidents. These policies all contain the same "Appraisal" provision (the "Appraisal Provision"), which states:

> If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of *loss* is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.
>
> We will not waive our rights by any of our acts relating to appraisal.

Milligan App'x at 34; See App'x at 62, 169. After Plaintiffs reported their losses, GEICO declared each vehicle a total loss and issued payments to Plaintiffs (and any lienholders). Months after receiving their respective payments from GEICO, Milligan and See each initiated separate putative class actions, alleging that GEICO had undervalued the loss amount for their vehicles; Cristiano later joined

4

See's action, more than two years after receiving payment from GEICO. Within sixty days of each plaintiff's initiation of (or joining in) a lawsuit, GEICO communicated a demand for appraisal to that plaintiff's counsel, invoking the Appraisal Provision. In each instance, counsel refused, asserting that GEICO's demand was untimely.

## A. *Milligan* Procedural History

Milligan initiated her class action suit in January 2016, asserting that GEICO had breached her policy by failing to pay "the reasonable purchase price . . . of a new identical vehicle" in violation of New York insurance law. 11 N.Y.C.R.R. § 216.7(c)(3) ("Regulation 64"). Specifically, Milligan alleged that GEICO used only an "adjusted vehicle value" to calculate her loss and thus failed "to fully compensate [her] for the true vehicle replacement value." Milligan App'x at 68, 72. Among other claims, she asserted causes of action for breach of contract, violation of Regulation 64, and unfair and deceptive trade practices in violation of New York General Business Law ("GBL") section 349.

After Milligan rejected the appraisal demand, GEICO moved to dismiss the complaint, also seeking, in relevant part, to compel appraisal pursuant to the policy's Appraisal Provision. A magistrate judge (Brown, *M.J.*), on referral from

5

the district judge (Azrack, *J.*), recommended denying the request for appraisal because GEICO's demand was untimely; the magistrate judge's recommendation further suggested that appraisal was inappropriate because it would constitute an "opinion on the extent and nature of the coverage provided under the policy." *Milligan v. GEICO Gen. Ins. Co.*, No. 16-cv-240 (JMA) (GRB), 2017 WL 9939046, at \*9–10 (E.D.N.Y. July 14, 2017). The district court adopted that recommendation in its entirety. *See Milligan v. GEICO Gen. Ins. Co.*, No. 16-cv-240 (JMA) (GRB), 2018 WL 3632690 (E.D.N.Y. Mar. 31, 2018). On interlocutory appeal, we affirmed, holding that "appraisal [was] not appropriate" because the dispute "present[ed] a legal question regarding the meaning of Regulation 64" and thus fell outside the scope of an appraisal. *Milligan v. CCC Info. Servs. Inc.* (*Milligan I*), 920 F.3d 146, 153–54 (2d Cir. 2019). In so holding, we did not reach the question of whether GEICO had timely demanded appraisal. *See id.* at 154 n.6.

On remand, GEICO moved to dismiss the now-amended complaint, and the district court (Irizarry, *J.*) granted that motion. *See Milligan v. GEICO Gen. Ins. Co.*, No. 16-cv-240 (DLI) (RML), 2020 WL 5878406 (E.D.N.Y. Sept. 30, 2020). In dismissing Milligan's breach-of-contract and GBL section 349 claims, the district court concluded that GEICO had complied with Regulation 64's "reasonable

6

purchase price" requirement by issuing a payment reflective of the market value of Milligan's vehicle. *Id.* at *5, 9–10. This time, Milligan appealed, and we vacated the district court's dismissal of those claims. *See Milligan v. GEICO Gen. Ins. Co.* (*Milligan II*), No. 20-3726, 2022 WL 433289, at *5–6 (2d Cir. Feb. 14, 2022). In reaching that conclusion, we defined Regulation 64's "reasonable purchase price of . . . a new identical vehicle" to mean "the price that a reasonable buyer would pay to purchase an identical, brand new, factory-fresh car from the local dealership in the normal course of business" and posited several ways for that price to be determined. *Id.* at *4. We then remanded for the district court to resolve whether GEICO had breached Milligan's contract and violated GBL section 349, and to determine "what damages might at that time be appropriate." *Id.* at *5 & n.5, *6.

Back before the district court, GEICO renewed its demand for appraisal pursuant to the Appraisal Provision and then requested leave to move to compel appraisal, which Milligan opposed. According to GEICO, *Milligan II* resolved the outstanding legal question regarding Regulation 64 that had previously rendered its appraisal demand premature. The district court denied that request, concluding that it had previously rejected GEICO's request to compel appraisal

and that *Milligan II*'s suggested ways to estimate a reasonable purchase price did not endorse the appraisal procedure that GEICO sought.

B.      *See* **Procedural History**

See and Cristiano brought their own breach-of-contract and related state-law claims against GEICO, alleging that GEICO breached their respective policies by failing to fully pay their covered claims for vehicles totaled in accidents. Specifically, they asserted that GEICO "undervalue[d] the actual cash value of [their] loss vehicles," which GEICO owed under their policies, by using a valuation method that relied on comparable vehicles with improperly applied condition adjustments.  See App'x at 19.  GEICO demanded appraisal, which each plaintiff rejected, and then moved to dismiss the complaint, or in the alternative, to compel appraisal.  Relying on then-Magistrate Judge Brown's interpretation of the Appraisal Provision in *Milligan*, Magistrate Judge Wicks, on referral from the district judge (Chen, *J.*), recommended that GEICO's motion for appraisal be denied as untimely.[2]  *See v. Gov't Emps. Ins. Co.*, No. 21-cv-547 (PKC) (JMW), 2022 WL 2467695, at *14–15 (E.D.N.Y. Mar. 22, 2022).  The district judge

---

[2] GEICO and the *See* plaintiffs apparently agree that, unlike in *Milligan*, their dispute does not involve any threshold legal questions, but instead concerns only factual questions regarding the amount of loss and whether these plaintiffs were paid the actual cash value of their lost vehicles.

8

adopted that recommendation in its entirety, further concluding that neither of our holdings in *Milligan I* or *Milligan II* impacted the timeliness analysis. *See v. Gov't Emps. Ins. Co.*, No. 21-cv-547 (PKC) (JMW), 2023 WL 2731697, at *7–8 (E.D.N.Y. Mar. 30, 2023).

## II.    Discussion

We exercise jurisdiction over these interlocutory appeals of orders denying GEICO's requests to compel appraisal, a form of arbitration, pursuant to 9 U.S.C. § 16(a)(1). *See Milligan I*, 920 F.3d at 152. We review *de novo* a district court's decision on a motion to compel appraisal.[3] *See id.* Because interpretation of an insurance policy is a question of law, we likewise review the district courts' construction of the policies and their Appraisal Provision *de novo*. *See U.S. Fid. & Guar. Co. v. Fendi Adele S.R.L.*, 823 F.3d 146, 149 (2d Cir. 2016).

---

[3] We note that in *Milligan* the district court denied GEICO's letter request for leave to file a motion to compel arbitration at a pre-motion conference, without permitting full briefing on the issue. "[T]he inherent authority of district courts to conduct abbreviated proceedings has limits," *Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 215 (2d Cir. 2024), and generally, "a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure," *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987). We need not decide, however, if the district court acted appropriately here. Given the prior development of GEICO's arguments on the timeliness issue below, we decline to remand the matter and deem GEICO's appeal to be properly before this Court.

9

These appeals ultimately turn on the singular question of how to construe the first sentence of the Appraisal Provision, which states: "If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of *loss* is filed, demand an appraisal of the *loss*." Milligan App'x at 34; See App'x at 62, 169. While none of the parties contends that this language is ambiguous, they nevertheless offer wildly divergent interpretations.[4]

GEICO suggests that the sixty-day limit does not start running until a disagreement arises between GEICO and the insured over the amount of loss. According to GEICO, disagreement as to the loss amount in these cases first arose when Plaintiffs filed (or joined in) their respective suits alleging underpayment on their claims. As a result, GEICO maintains that its demands for appraisals – made within sixty days of receiving notice of the suits – were timely under the Appraisal Provision.

Plaintiffs, by contrast, assert that GEICO's (and their own) contractual right to demand appraisal is limited to the sixty-day period after a "proof of loss" is

---

[4] In *Milligan*, the district court did not explicitly deny GEICO's request to move to compel appraisal on timeliness grounds. Thus, GEICO separately asserts that the district court erred by ignoring GEICO's contractual right to an extra-judicial appraisal in favor of the judicial process. But as GEICO itself appears to recognize, this argument is part and parcel of the timeliness question: If GEICO's demand for appraisal was untimely, then GEICO has no right to appraisal in the first instance.

filed. According to Plaintiffs, the proof of loss for each of their vehicles was filed months, or even years, before the suits were commenced. Consequently, Plaintiffs contend that GEICO's demands for appraisal fell well outside that sixty-day period and were therefore untimely.

A review of the Appraisal Provision and the language of the policies leaves little doubt that Plaintiffs have the better interpretive argument. "Under New York law, insurance policies are interpreted according to general rules of contract interpretation." *Olin Corp. v. Am. Home Assurance Co.*, 704 F.3d 89, 98 (2d Cir. 2012) (footnote omitted). Arbitration or appraisal provisions, moreover, are "a matter of contract" to which the general principles of contract law apply. *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120–21 (2d Cir. 2003) (internal quotation marks omitted). It is well established that, in interpreting a contract under New York law, a court should give "words and phrases . . . their plain meaning" and "construe[]" the contract "so as to give full meaning and effect to all of its provisions." *LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) (internal quotation marks omitted). Any "interpretation of a contract that has the effect of rendering at least one clause superfluous or

meaningless . . . is not preferred and will be avoided if possible." *Id.* (internal quotation marks omitted).

By the plain terms of the Appraisal Provision, either party "may" demand appraisal "within 60 days after proof of *loss* is filed." Milligan App'x at 34; See App'x at 62, 169. The term "may" makes clear that "the process *need not* be invoked by either the insured or insurer." *Milligan I*, 920 F.3d at 152 n.4 (emphasis added). But if a party opts for appraisal, the Appraisal Provision makes clear that a demand for appraisal must be made "within 60 days after proof of *loss* is filed." This phrase unambiguously identifies the filing of a proof of loss as the triggering event for the sixty-day timeline. And there is nothing in the Appraisal Provision – or elsewhere in the policies – to suggest that the insured party is required to go through the appraisal process as a precondition to filing suit.

Curiously, neither the Appraisal Provision nor the policies themselves – which are largely identical – define the term "proof of loss." Nevertheless, a provision entitled "*Insured's* Duties in Event of *Loss*" makes clear that an insured is obligated to "[f]ile with [GEICO], within 91 days after *loss*, his sworn proof of loss *including all information we may reasonably require*." Milligan App'x at 34 (emphasis added); *see* See App'x at 62, 169. This language generally comports

with the ordinary meaning ascribed to the term "proof of loss" as "[a]n insured's formal statement or documentation of loss required by an insurer before it will determine its liability under the policy." *Proof of Loss*, Black's Law Dictionary (12th ed. 2024); *see also Wachtel v. Equitable Life Assurance Soc'y of U.S.*, 266 N.Y. 345, 352 (1935) ("The purpose of [requiring proof of loss] is that the insurer may be able intelligently to form some estimate of his rights and liabilities before he is obliged to pay." (internal quotation marks omitted)).

Although GEICO does not explain in its appellate briefs what, in its view, would constitute "proof of loss" under the Appraisal Provision, it takes issue with the district court's conclusion in *See* (and in *Milligan* well before that) that GEICO's payment on Plaintiffs' claims constituted the "latest possible proof of loss date." *See*, 2022 WL 2467695, at \*15; *see also Milligan*, 2017 WL 9939046, at \*10. We see no error with the district court's conclusion, which is consistent with both (1) the ordinary meaning of "proof of loss" as a precondition to payment by the insurer, and (2) each policy's requirement that insureds file a proof of loss within ninety-one days after loss. Because each of the Plaintiffs received a payment of loss from GEICO, we must assume that each filed a proof of loss before receiving that payment. *See* Milligan App'x at 34; See App'x at 62, 169. And because GEICO's

13

demand for appraisal in each case undisputedly came more than sixty days after payment of loss, we conclude that such demands were untimely.

GEICO's arguments to the contrary are unpersuasive, in large part because they ignore the policies' explicit language tying the sixty-day deadline to the filing of a proof of loss. GEICO contends, first and foremost, that Plaintiffs' reading disregards the Appraisal Provision's condition precedent requiring a disagreement about the amount of loss before any appraisal of the loss can be demanded. *See Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 86 N.Y.2d 685, 690 (1995) ("A condition precedent is an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises." (internal quotation marks omitted)). But even if we assume that a dispute as to loss must precede a demand for an appraisal – a logical conclusion that borders on being a truism – GEICO offers no justification for excising the sixty-day limitation that commences with the filing of a proof of loss. The Appraisal Provision itself imposed an outside deadline on the parties' ability to exercise their right to demand an appraisal, and that deadline turns on the filing of the proof of loss, not the condition precedent identified by GEICO. *See Spinelli v. Nat'l Football League*, 903 F.3d 185, 200 (2d Cir. 2018) ("[W]e must give

14

effect and meaning . . . to every term of [a] contract and strive to harmonize all of its terms." (internal quotation marks omitted)). In short, because the Appraisal Provision designates the filing of the proof of loss – not the notice of a dispute – as the triggering event for the sixty-day clock, and because the policies contain no tolling provision preserving the right to demand an appraisal beyond that sixty-day deadline, GEICO's demands for appraisals were untimely.[5]

Unable to overcome the plain meaning of the Appraisal Provision, or offer any explanation as to the meaning of "proof of loss," GEICO resorts to policy arguments to salvage its untimely demands for appraisal. To be sure, we have recognized that "New York public policy favors an appraisal proceeding over a trial on damages, and under New York law, waiver of the right to an appraisal is not lightly inferred." *Amerex Grp., Inc. v. Lexington Ins. Co.*, 678 F.3d 193, 199 (2d Cir. 2012) (internal quotation marks omitted); *see also Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019) (noting the "strong federal policy favoring arbitration" (internal quotation marks omitted)). But GEICO's argument misapprehends the

---

[5] We note that, even adopting GEICO's interpretation of the Appraisal Provision as requiring notice of a disagreement, the demand for an appraisal with respect to Milligan appears to be untimely. Indeed, on July 21, 2015, well before she filed her complaint, counsel for Milligan emailed a GEICO claim representative to dispute the amount that GEICO owed Milligan under the Policy.

scope of the contractual right, again ignoring the policies' specified time limit for demanding appraisal. Put simply, GEICO could not waive a contractual right that it did not have – *i.e.*, the asserted right to seek appraisal more than sixty days after proof of loss was filed. Because "parties are generally free to structure their arbitration agreements as they see fit," and those "private agreements to arbitrate are [to be] enforced according to their terms," *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989), we see no reason to elevate general public policies in favor of arbitration over the plain language of the Appraisal Provision.

The cases that GEICO relies on in its briefs are equally unpersuasive, as they involve insurance policies and facts that are readily distinguishable from those here. For starters, the insurance policies at issue in *Amerex* – unlike those here – did not specify a time limit for making an appraisal demand. *See* 678 F.3d at 199. Thus, applying the New York law principle that a right to appraisal "must be exercised within a reasonable period," *id.* (internal quotation marks omitted), we concluded that the defendant insurers did not waive their appraisal rights by invoking them after the plaintiff insured had initiated litigation, *see id.* at 202–04. And while the policy at issue in *SR International Business Insurance Co. v. World*

*Trade Center Properties LLC did* include a specific requirement that any demand for appraisal be made "within 60 days of receipt of a 'proof of loss,'" the district court in that case focused on whether a particular document submitted by the insured parties was a "proof of loss" that triggered the contractual deadline. No. 01-cv-9291 (JSM), 2003 WL 1344882, at *2–4 (S.D.N.Y. Mar. 18, 2003). Here, GEICO does not explain what was required to constitute a "proof of loss" or whether, in view of the policies' obligations, each plaintiff actually submitted one.[6]

GEICO next attempts to turn our prior decisions in *Milligan* on their head, asserting that we implicitly rejected Plaintiffs' arguments concerning the timeliness of GEICO's invocation of the Appraisal Provision when we declined to reach those arguments in *Milligan I*. We did no such thing. In *Milligan I*, we affirmed the denial of GEICO's motion to compel because legal questions remained about the meaning of a "reasonable purchase price" under Regulation

---

[6] At oral argument, GEICO made a belated effort to concretely define what, in its view, might count as a "proof of loss" under the policies and to explain how the submission of a "proof of loss" fits into its loss reporting and payment process. But GEICO made no such arguments and submitted no such evidence in support of these representations in moving to compel appraisal in the district courts, and it may not offer what amounts to extrinsic evidence as to the meaning of "proof of loss" for the first time on appeal. *See, e.g.*, *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 662 (2d Cir. 2015); *United States v. Pascarella*, 84 F.3d 61, 73 (2d Cir. 1996). More importantly, the law is clear that a "court may not admit extrinsic evidence in order to determine the meaning of" a contract that is unambiguous, which GEICO itself has maintained is the case here. *Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002).

64. *See* 920 F.3d at 153–54. We explicitly noted that we "need not decide whether GEICO timely demanded appraisal," which was a separate basis for the district court's decision. *Id.* at 154 n.6. Nothing in *Milligan I* suggests that our affirmance on alternative grounds was a rejection of the district court's timeliness analysis. Nor, in resolving the legal question regarding Regulation 64's meaning in *Milligan II*, did we in any way intimate that GEICO's appraisal demand was previously premature but now ripe. Instead, we mentioned appraisal only generally in explaining that use of a professional appraiser may be one of "several ways" to estimate a "reasonable purchase price" in the event that "no 'identical' cars were sold within the relevant geographic area reasonably near to the time of the loss." *See Milligan II*, 2022 WL 433289, at *4. While GEICO is correct that affirmance on timeliness grounds in *Milligan I* would have definitively resolved this dispute over appraisal, that is of no moment, and we need not speculate as to why the prior panel declined to reach that issue. We certainly reject the contention that *Milligan I* resolved the issue *sub silentio.*

Finally, GEICO resorts to a parade of horribles, insisting that enforcement of the Appraisal Provision as written will force insurers to preemptively demand appraisal in every case, regardless of whether there is a dispute over the loss

18

amount.   We are not moved.   As the insurer responsible for drafting the policies in question, GEICO is free to amend its policy language to state in clearer terms the parties' rights regarding appraisal.[7]

In the end, GEICO asks that we ignore the Appraisal Provision's unambiguous requirement that a party demand appraisal within the sixty-day period after proof of loss is filed.   But we "may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case."   *Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000) (citation and internal quotation marks omitted).   We therefore decline GEICO's invitation to amend the Appraisal Provision and conclude that, under the plain meaning of the policies, the demands for appraisal were untimely.

---

[7] Indeed, GEICO has been on notice for some time that the Appraisal Provision invited uncertainty.   Well before these cases, a district court denied GEICO's motion to compel appraisal under a policy with an identical appraisal clause, on a similar set of facts and for largely the same reasons we do today.   *See Greenberger v. GEICO Gen. Ins. Co.*, No. 05-cv-5539 (BMM), 2007 WL 9817910, at *6–8 (N.D. Ill. May 4, 2007).

We have considered GEICO's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the orders of the district courts.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court